```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


RAOUL ABRAMS,                      *
                                   *
     Plaintiff,                    *
                                   *
vs.                                *    CIVIL ACTION No. 08-0139-CG-B
                                   *
MICHAEL J. ASTRUE,                 *
                                   *
     Defendant.                    *
```

### REPORT AND RECOMMENDATION

Plaintiff brings this action under 42 U.S.C. § 1382( c) and 42 U.S.C. § 405(q), seeking judicial review of a final decision of the Commissioner of Social Security.  This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff Raoul Abrams filed, on March 11, 2008, his complaint along with a Motion to Proceed Without Prepayment of Fees and Costs. (Docs. 1, 2).  The Court entered an Order on April 17, 2008, which noted that Plaintiff had provided insufficient information to support his motion, and directed Plaintiff to file an amended motion by May 1, 2008. (Doc. 3)  Plaintiff was expressly directed to provide specific detail of how he is providing for basic necessities such as shelter, utilities and clothing. (Id. at 3).  Subsequent thereto, Plaintiff's counsel filed a Motion to Withdraw (Doc. 4), which was  granted on May 19, 2008 (Doc. 9)[1].

---

[1] In the motion, Plaintiff's former counsel sought to withdraw from representation of Plaintiff because of lack of cooperation. (Doc. 4)

In addition to allowing Plaintiff's counsel to withdraw from representation, Plaintiff was granted leave until June 2, 2008 to retain new counsel or advise the Court of his intent to proceed pro se.  Plaintiff was further granted leave to file the amended motion to proceed without prepayment of fees by June 2, 2008. (Id.)  A copy of the Court's Order was mailed to Plaintiff at his last known address via certified mail and regular mail.  While the United States Postal Service's website reflects that the copy of the May 19, 2008 Order sent to Plaintiff, via certified mail, has not been claimed, the Order sent to Plaintiff via regular mail has not been returned to the Court.

Given that Plaintiff failed to respond to his former counsel's communications, and has further failed to comply with the Court's Order dated May 19, 2008, it appears that he has abandoned the prosecution of this action.  Upon consideration of Plaintiff's lack of prosecution, and the alternatives that are available to the Court, it is recommended that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust

---

According to counsel, Plaintiff failed to respond to her communications requesting information so that she could supplement his Motion to Proceed Without Prepayment of Fees and Costs, as directed by the Court.

Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); Mingo V. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). *Accord* Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **10th** day of **June, 2008**.

                                            **/s/ Sonja F. Bivins**
                                  **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.